**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Yolanda Christie, ) | No. CV-12-931-PHX-LOA |
| ) |  |
| Plaintiff, ) | **ORDER** |
| ) |  |
| vs. ) |  |
| ) |  |
| Dr. Joseph Abdo; PA Jie Dang; Banner ) |  |
| Hospital; Dr. Dana Kosmala-Runkle, ) |  |
| ) |  |
| Defendants. ) |  |
| ) |  |

After the Court ordered *pro se* Plaintiff to file an amended complaint on or before Friday, May 18, 2012, because her complaint failed on its face to demonstrate diversity of citizenship pursuant to 28 U.S.C. § 1332,[1] Plaintiff filed a Motion to Remand to the Arizona Superior Court for Maricopa County. (Doc. 10) Plaintiff's Motion concedes the parties' citizenship is not completely adverse and "[t]here are no federal questions before the Court." (*Id.* at 4) Plaintiff provides no authority, however, that the Court may remand a case to state court that was originally filed in a federal district court. The Court construes Plaintiff's Motion as a motion to voluntarily dismiss her Complaint without prejudice.

Unlike state courts, "[f]ederal courts are courts of limited jurisdiction. They possess

---

[1] Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties opposed in interest. 28 U.S.C. § 1332(a); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The right to remove a case to federal court or remand a case to state court are entirely creatures of statute. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove a state court case that could have been filed originally in federal court under either federal question or diversity jurisdiction. 28 U.S.C. §§ 1441(a), (b). "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ." 28 USC § 1447(c). If a district court determines that venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district [court] . . . in which it could have been brought." 28 U.S.C. § 1406(a); *see also Maysey v. CraveOnline Media, LLC*, 2009 WL 3740737 (D.Ariz. November 5, 2009).

There is no federal statute or rule which authorizes a district court to remand or transfer a case to a state court if the action was originally filed in district court and the district is without subject-matter jurisdiction to decide the case. *See* Rule 12(h)(3), Fed.R.Civ.P. ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must *dismiss* the action.") (emphasis added); *Cornwall v. Garcia*, 2009 WL 1953053 (C.D.Cal. July 2, 2009); *Bradgate Associates, Inc. v. Fellows, Read & Associates*, 999 F.2d 745, 749 (3rd Cir. 1993) ("[W]hen a district court lacks subject matter jurisdiction over a case filed in federal court, the Federal Rules of Civil Procedure require the court to dismiss the case. Fed.R.Civ.P. 12(h)(3). In contrast, when the court lacks jurisdiction to entertain a case removed from state court, 28 U.S.C. § 1447(c) requires it to remand the case to the court from which it was removed."); *Hadley v. Haw. Gov't Employees' Ass'n*, 281 Fed. Appx. 683, * 1 (9th Cir. 2008) (affirming district court's refusal to transfer action to state court because § 1631 only provides for transfer of claims between federal courts); *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995) ("Because [28 U.S.C.] §§ 1631 and 610 clearly demonstrate that Congress intended to limit the authority of the federal courts to transfer cases only to other federal courts, we have held that § 1631

1 provides no authority for a federal court to transfer a case over which it lacks jurisdiction to
2 a state court.") (citation omitted).

3       The Court will dismiss Plaintiff's Complaint without prejudice for lack of subject-
4 matter jurisdiction. *See Naegele v. Tonius*, 320 Fed.Appx. 550, * 1 (9th Cir. 2009) ("The
5 district court did not abuse its discretion by *sua sponte* dismissing Naegele's state law claims
6 for lack of diversity jurisdiction after providing an opportunity to amend the complaint to
7 address its concerns regarding domiciliary status.").

8       **IT IS ORDERED** that Plaintiff's motion to voluntarily dismiss her Complaint
9 without prejudice, doc. 10, is **GRANTED**. The Clerk is kindly directed to terminate this
10 action.

11       **IT IS FURTHER ORDERED** that Defendant Jie Ding's Motion to Dismiss, doc.
12 7, and Banner Health's Motion to Dismiss for Lack of Jurisdiction, doc. 8, are **DENIED** as
13 moot.

14       Dated this 17th day of May, 2012.

15
16                 */s/ Lawrence O. Anderson*
17                 Lawrence O. Anderson
                  United States Magistrate Judge

18
19
20
21
22
23
24
25
26
27
28

- 3 -